FILED DEC 30 '24 PM 2:34 USDCALS

Frederick Brewster
Jennifer Brewster
c/o 1931 Wildwood Place
Mobile, AL 36609

*Defendants Pro Se*

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ALABAMA

BFG Corporation d/b/a Byline Financial Group as assignee of Star Capital Group, L.P., **Plaintiff,**

v.

Pierce RE Holdings, LLC;
Frederick Brewster, an individual;
and Jennifer Brewster, an individual,
**Defendants.**

**Case Number:** 24-CV-476-JB

**DEFENDANTS' MOTION TO DISMISS AND MEMORANDUM IN SUPPORT**

Defendants Frederick Brewster and Jennifer Brewster (hereinafter referred to as "Defendants"), proceeding *pro se* and d/b/a Pierce RE Holdings, LLC, hereby move this Honorable Court to dismiss the complaint filed by Plaintiff BFG Corporation d/b/a Byline Financial Group as assignee of Star Capital Group, L.P. ("Plaintiff"), pursuant to Federal Rule of Civil Procedure 12(b)(6), and in support thereof state as follows:

## INTRODUCTION

This action arises out of an equipment financing agreement (the "Agreement") between Pierce RE Holdings LLC and Plaintiff's predecessor. Plaintiff alleges breach of contract and seeks to enforce payment obligations against Defendants, including two personal guarantors. However, the complaint must be dismissed as the obligation has been discharged under applicable federal and state laws, and Plaintiff's claims lack merit due to procedural deficiencies and bad faith conduct.

## ARGUMENT

### I. The Obligation Was Discharged by Valid Tender Under UCC 3-603 and UCC 3-311

Defendants tendered payment in full of the alleged debt amount, $76,712.19, by a negotiable instrument, as evidenced by the Notice of Tender sent to Plaintiff (**Exhibit A**). Under Uniform Commercial Code ("UCC") 3-603(b), a valid tender of payment discharges the obligation if the tender is refused, *Alberici Constructors, Inc. v. Oliver*, 929 S.W.2d 574, 576 (Mo. Ct. App. 1996) (Supports the principle that a refusal to accept payment when tendered in accordance with the agreement can lead to a discharge of the obligation). Plaintiff's failure to conclusively refuse the tender, either by properly rejecting or returning the instrument, results in a presumption of acceptance.

Additionally, Plaintiff's retention of the instrument triggers the application of UCC 3-311. UCC 3-311(a) provides that when an instrument is tendered in good faith as full satisfaction of a claim, and the claimant retains the instrument without objection, the obligation is discharged. Defendants tendered the payment in good faith, explicitly indicating it was intended to settle the obligation in full. Plaintiff's actions, or lack thereof, indicate acquiescence to the tender, thereby invoking accord and satisfaction under UCC 3-311. See *Chames v. DeMayo*, 972 So.2d 850, 855 (Fla. 2007) (Where the retention of a negotiable instrument tendered as full satisfaction of a claim results in discharge of the obligation).

The interplay between UCC 3-603 and UCC 3-311 creates an either-or framework that firmly establishes the discharge of the purported obligation: Plaintiff's retention of the instrument without objection establishes accord and satisfaction under UCC 3-311, and if the Plaintiff asserts that the instrument was refused, the obligation is discharged per UCC 3-603(b).

### II. The Tendered Payment is Protected Under Federal Law (50 U.S.C. § 4305(b)(2))

Defendants' payment instrument relies upon 50 U.S.C. § 4305(b)(2), which provides:

> *"Payment, conveyance, transfer, assignment, or delivery of money or property made to or for the account of the United States, or as otherwise directed in accordance with this subdivision, <u>shall constitute full acquittance and discharge</u> of the obligation of the person making the same. Such*

*person shall not be held liable in any court for any such payment, conveyance, transfer, assignment, or delivery."*

Defendants tendered a Demand Draft, a negotiable instrument, in accordance with the aforementioned statute. 50 U.S.C. § 4305(b)(3) clarifies the term "person" to mean "*an individual, partnership, association, or corporation*", which means that Defendants are included among the persons authorized to rely on 50 U.S.C. § 4305(b)(2). The statute's express language authorizes "*full acquittance and discharge*" and further provides that individuals relying on the statute cannot "*be held liable in any court for any such payment.*" This protection underscores the statutory preemption of Plaintiff's claims. See *Bank of America, N.A. v. Achaian, Inc.*, No. 08-cv-0214 (E.D. Va. 2009) (Supports the principle that payments made in accordance with statutory provisions that provide for discharge and full acquittance effectively protect the payer from further liability).

The phrase "*or as otherwise directed*" demonstrates Congressional intent to allow flexibility in how obligations are discharged under this statute; the statute's broad language does not restrict its application to public obligations. Defendants' tender complies with these provisions and qualifies as a lawful discharge. See *United States v. Reid*, 268 U.S. 323 (1925) (Illustrates how courts interpret statutory language to ensure that the legislative intent of flexibility and protection is upheld).

## III. Legislative History and Parallels to 12 U.S.C. § 95a(2)

The language of 50 U.S.C. § 4305(b)(2) mirrors that of 12 U.S.C. § 95a(2), which remained on the books until 2016. Congress maintained this identical provision for over 80 years, highlighting its relevance beyond the banking reforms of the 1930s. The plain language of these statutes demonstrates their applicability to transactions beyond public debts, ensuring obligations are discharged upon valid tender.

The absence of case law directly addressing 50 U.S.C. § 4305(b)(2) does not diminish its applicability; rather, it reinforces reliance on the plain statutory language. Courts are bound to apply such language as written, and Defendants' compliance with the statute's requirements entitles them to full discharge and immunity from liability.

## IV. Plaintiff's Bad Faith Conduct Bars Recovery

Plaintiff's refusal to acknowledge or process the tendered payment demonstrates bad faith. Courts have consistently held that creditors cannot unreasonably refuse payment and then pursue enforcement actions. Plaintiff's actions are inconsistent with commercial reasonableness required under the UCC and general principles of equity. See *Roberts v. Cameron-Brown Co.*, 556 F.2d 356, 361 (5th Cir. 1977) (Emphasized that a creditor's unreasonable refusal to accept payment was inconsistent with principles of good faith and fair dealing, preventing them from seeking further recovery); *Prudential Ins. Co. of Am. v. BMC Indus., Inc.*, 630 F. Supp. 1298, 1300 (S.D.N.Y. 1986): (The court held that the creditor's refusal to accept a valid tender of payment constituted bad faith, barring them from pursuing further enforcement actions).

## V. Procedural Deficiencies in the Complaint

1. **Standing and Assignment Issues**: Plaintiff purports to act as an assignee but fails to sufficiently demonstrate that it possesses the necessary rights to enforce the Agreement. The assignment documentation provided lacks clarity and completeness, raising questions about Plaintiff's standing. Specifically, there is no evidence of an unbroken chain of title demonstrating that Plaintiff is the rightful owner of the claim. See *Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992) (Emphasizes the need for plaintiffs to demonstrate standing, including the necessity of proving a direct and personal interest in the case).
2. **Notice Requirements**: The Agreement requires specific notice procedures for default and acceleration. Plaintiff has not demonstrated compliance with these provisions, further undermining its claims. For instance, Plaintiff has not shown proof of sending a valid notice of default or notice of acceleration to Defendants, as required by the terms of the Agreement, see *Travelers Cas. & Sur. Co. of Am. v. Pac. Gas & Elec. Co.*, 549 U.S. 443 (2007) (Underscores the necessity of following procedural requirements, including notice provisions, in enforcing contractual obligations).

## VI. The Guarantors Cannot Be Held Liable

The complaint seeks to enforce personal guarantees executed by Frederick Brewster and Jennifer Brewster. However, Plaintiff has not shown that it provided required notices or that the guarantees remain valid and enforceable following the assignment of the Agreement. Moreover, the obligation was extinguished upon tender of payment. See *Crumpton v. Bronson*, 28 So.3d 867, 870 (Ala. Civ. App. 2009) (Highlights the importance of complying with notice requirements in enforcing personal guarantees. The court held that failure to adhere to these requirements can preclude enforcement); *Schwartz v. Leasametric, Inc.*, 767 F.2d 1096, 1103 (4th Cir. 1985) (Changes in the principal agreement, such as assignments, can affect the enforceability of personal guarantees).

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court dismiss the complaint in its entirety with prejudice.

Dated: December 20, 2024

Respectfully submitted,

FREDERICK BREWSTER
Frederick Brewster
*Defendant Pro Se*

JENNIFER BREWSTER
Jennifer Brewster
*Defendant Pro Se*

## CERTIFICATE OF SERVICE

We, the undersigned, hereby declare that on the date below, true, correct, and complete copies of the following item(s) were served on the recipients listed as indicated:

- **DEFENDANTS' MOTION TO DISMISS AND MEMORANDUM IN SUPPORT**

☐ The above item(s) were placed inside of a postage-paid envelope, properly addressed to each of the recipients below and sent on the date below.

☐ The above item(s) were filed with the Court and electronically delivered to the recipients listed below.

☐ The above item(s) were sent on the date that this document was executed via electronic mail to an email address designated by the recipient for the receipt of service of legal documents and papers on the date below.

☐ The above item(s) were personally served upon the recipients below.

| | |
|---|---|
| Ashen Law Group<br>Brian Gipson, Esq.<br>217 N. Jefferson St, Suite 601<br>Chicago, IL 60661<br><br>Tel: (312) 655-0800<br>Fax: (312) 655-0801<br><br>Email: bgipson@ashenlaw.com<br>ARDC No. 6335936 | Attorney(s) for Plaintiff(s):<br>BFG Corporation d/b/a Byline Financial Group as assignee of Star Capital Group, L.P. |

Executed on the date written below.

Frederick Brewster, *pro se* — 30 Dec 2024 — Date

Jennifer Brewster, *pro se* — 30 Dec 2024 — Date