UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BFG Corporation d/b/a Byline Financial, Group *as assignee of* Star Capital Group, L.P. | ) ) ) | |
| Plaintiff, | ) ) | Case No. 25-cv-02142 |
| v. | ) ) ) | Judge Sharon Johnson Coleman |
| Pierce RE Holdings, LLC; Frederick Brewster; and Jennifer Brewster, | ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

BFG Corporation d/b/a Byline Financial, Group as assignee of Star Capital Group, L.P. ("Plaintiff") filed a three-count lawsuit against Pierce RE Holdings, LLC, Frederick Brewster, and Jennifer Brewster, alleging one count of breach of equipment financing agreement against Pierce RE Holdings, LLC, ("Pierce RE Holdings") and two separate counts for breach of personal guaranties of equipment financing agreement against Frederick Brewster and Jennifer Brewster. On May 13, 2025, the Court granted Plaintiff's oral motion for entry of default and default judgment against Pierce RE Holdings based on the entity's failure to retain an attorney for representation in this matter by the Court-imposed deadline. The claims against Frederick Brewster and Jennifer Brewster ("Defendants") remain. Before the Court is Defendants' 12(b)(6) motion to dismiss. For the following reasons, the Court denies Defendants' motion to dismiss [3].

**BACKGROUND**

The following facts are accepted as true for the purpose of resolving the motion to dismiss.

On or about July 12, 2023, Plaintiff entered into an equipment financing agreement (the "Agreement") with Star Capital Group, L.P. ("Star Capital"), Plaintiff's predecessor, for financing the acquisition of a 2017 John Deere 317G Skid Steer Tracker Loader and 2015 Kubota KX057-4R1A

1

Mini Excavator. To induce Star Capital to enter into the Agreement, Defendants "unconditionally and irrevocably guaranteed Star Capital, and Star Capital's successors and assigns, the prompt payment and performance of all of [Pierce RE Holdings'] obligations under the Agreement and signed a personal guaranty, [(the "Personal Guaranty")]." Compl., at ¶¶ 21, 27. Six days later, on or about July 18, 2023, Star Capital assigned its rights under the Agreement to Plaintiff. Defendants defaulted on the Personal Guaranty by failing to make payments due September 1, 2023, and all payments thereafter. Plaintiff alleges that Defendants owe $76,712.19 pursuant to the Personal Guaranty, plus all additional late charges, attorneys' fees and costs that have accrued and continue to accrue under the Personal Guaranty. Plaintiff made a demand on Defendants to pay the amount due and owing, but Defendants have failed and refused to pay the amount.

About one year later, Plaintiff and Pierce RE Holdings entered into an amendment to the Agreement, which mandates that the Agreement consist of 48 monthly payments. Failure to make an installment payment within 10 days of the deadline is considered an event of default under the Agreement. In the event of default, Plaintiff is entitled to accelerate all future installment payments to become immediately due and Pierce RE Holdings is considered liable for all costs incurred by Plaintiff in enforcing its rights under the Agreement, including attorneys' fees and expenses. In the event of a late installment payment, Plaintiff has the right to charge Pierce RE Holdings a 10% late charge of the late installment payment. The other terms and conditions of the Agreement remain in full force and effect following the amendment.

Pierce RE Holdings defaulted on the Agreement by failing to make the monthly payments starting on July 1, 2024, and continuing thereafter. Based on Pierce RE Holdings' default and failure to pay the outstanding balance, Plaintiff is owed $76,712.19 as of November 7, 2024.

**LEGAL STANDARD**

2

A motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim tests the sufficiency of the complaint, not its merits. *See Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014). When considering dismissal of a complaint, the Court accepts well pleaded factual allegations as true and draws all reasonable inferences in favor of the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (per curiam); *Trujillo v. Rockledge Furniture LLC*, 926 F.3d 395, 397 (7th Cir. 2019). To survive a motion to dismiss, plaintiff must "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). A complaint is facially plausible when the plaintiff alleges "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L.Ed.2d 868 (2009).

**DISCUSSION**

Defendants advance a bizarre argument in support of their motion to dismiss. Namely, Defendants argue they provided payment to Plaintiff in the form of a "Demand Draft," attached to the motion. In support of their argument, Defendants cite a plethora of UCC provisions and statutes, including 50 U.S.C. § 4305(b)(2). Defendants wholly fail to explain how 50 U.S.C. § 4305(b)(2) relieves them of their duties under the Agreement. 50 U.S.C. § 4305(b) concerns presidential power during the time of war. *See Davis v. Wells Fargo Bank, N.A.,* No. 20-cv-1092-JES-JEH, 2020 WL 3577995, at *2 (S.D. Ill. July 1, 2020) (Shadid, J.) Defendants are not the President, and the pleadings are completely devoid of facts to support that Defendants have the power to enforce the statute or that the statute applies to the claims in the Complaint.

Defendants' other arguments also fail. The Complaint contains "a short and plain statement of the claim showing that the pleader is entitled to relief," giving Plaintiff standing to pursue its claims under Fed. R. Civ. P. 8(a). And accepting the facts as true, as the Court must do in resolving a motion to dismiss, Plaintiff states a claim for breach of personal guaranty against each Defendant. Whether

3

notice is required is a question for discovery. And Defendants' assertion that they cannot be liable under the Agreement boils down to a cursory, undeveloped argument and is, therefore, waived. *White v. United States,* 8 F.4th 547, 552 (7th Cir. 2021) ("Perfunctory and undeveloped arguments, as well as arguments unsupported by pertinent authority, are waived.")

Defendants likewise cite numerous inapplicable caselaw. The Court could not find some of the cases cited by Defendants or, if the Court was able to locate the case, the cases did not stand for the proposition for which it was purportedly asserted by Defendants. This leads the Court to believe that the "hallucinated" case law was a result of Defendants improper utilization of artificial intelligence to support their briefings. Such use is improper and completely unacceptable. Defendants are warned that continued inappropriate use of such mechanism can result in sanctions.

**CONCLUSION**

For these reasons, the Court denies Defendants' motion to dismiss [3]. In-person status hearing scheduled for 10/8/2025 at 9:45 a.m. The parties are directed to file a joint status report with the Court at least three business days prior to the status hearing per the Court's standing order.

**IT IS SO ORDERED.**

Date: 9/24/2025

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge