## UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| BFG CORPORATION d/b/a BYLINE FINANCIAL GROUP as assignee of STAR CAPITAL GROUP, L.P., | ) ) ) ) | |
| Plaintiff, | ) | Case No. 1:25-cv-02142 |
| v. | ) | |
| | ) | Judge Sharon Johnson Coleman |
| PIERCE RE HOLDINGS, LLC, FREDERICK T. BREWSTER, III, and JENNIFER BREWSTER, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

### MEMORANDUM OPINION AND ORDER

BFG Corporation d/b/a Byline Financial Group ("Plaintiff"), as assignee of Star Capital Group, L.P. ("Star Capital"), brought this case against Pierce RE Holdings, LLC ("Pierce RE"), Frederick T. Brewster, III, and Jennifer Brewster ("Guarantors" and, together with Pierce RE, "Defendants") alleging one count of breach of contract against Pierce RE and two separate counts for breach of personal guaranties of equipment financing agreement against Guarantors. Before the Court is Defendants' motion to reconsider the denial of their motion to dismiss. Additionally, Plaintiff has filed motion for summary judgment. For the reasons set forth below, Defendants' motion to reconsider is denied, and Plaintiff's motion for summary judgment is granted.

**BACKGROUND**

The following facts are undisputed. Pierce RE entered into Equipment Finance Agreement No. 190985 (the "Agreement") with Star Capital, which provides for the financing of Pierce RE's acquisition of certain equipment. Star Capital confirmed acceptance of the equipment and funded the supplier of the equipment, and Pierce RE accepted the equipment. Star Capital assigned its

rights, title, and interest in the Agreement to Plaintiff. The Agreement required an initial payment of $4,377.48 to Star Capital and forty-six consecutive monthly installment payments of $2,013.74, with the first monthly payment due August 1, 2023 (the "Monthly Payments"). In May 2024, Plaintiff and Pierce RE entered into an Amendment to the Agreement providing for $0.00 Monthly Payments due March 1, 2024 and April 1, 2024, and thirty-nine consecutive Monthly Payments thereafter in the amount of $2,038.15.

Guarantors executed Guaranties whereby they separately, unconditionally, and irrevocably guaranteed Star Capital, its successors and assigns, the prompt payment and performance of all obligations under the Agreement (collectively, the "Guaranties"). Both Pierce RE and Guarantors failed to make the July 1, 2024 Monthly Payment and all subsequent Monthly Payments. Under the Agreement, upon the occurrence of a default, Plaintiff has the right to accelerate all unpaid amounts due on the date of default, including Monthly Payments, plus all future Monthly Payments. Plaintiff also has the right under the Agreement to institute legal proceedings against Defendants. As of October 23, 2025, the accelerated balance due and owing under the Agreement and Guaranties is $75,411.55, including $30,572.25 in past due Monthly Payments and $44,839.30 in future Monthly Payments. The Agreement and Guaranties also provide that Plaintiff is entitled to attorney's fees and costs incurred in enforcing its rights thereunder.

**DISCUSSION**

### I. Defendants' Motion to Reconsider

While Defendants filed their motion pursuant to Federal Rule of Civil Procedure 59(e), a motion to reconsider an interlocutory order such as the denial of a motion to dismiss is governed by Rule 54(b). *See* Fed. R. Civ. P. 54(b). Although the standard for reconsideration is high, Rule 54(b) preserves the Court's broad, inherent authority to revise its interlocutory orders at any time before it enters final judgment. *See Moses H. Cone Mem. Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 12 (1983) ("every

order short of a final decree is subject to reopening at the discretion of the district judge"); *see also*

*Galvan v. Norberg*, 678 F.3d 581, 587 & n.3 (7th Cir. 2012) (noting district courts' "sweeping authority"

under Rule 54(b) to revise interlocutory orders). Motions for reconsideration are disfavored and rarely

granted. *See Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) (citation

omitted). A motion for reconsideration "is not an appropriate forum for rehashing previously rejected

arguments." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996)).

They serve a "limited function," either "to correct manifest errors of law or fact or to present newly

discovered evidence." *Id.* at 1269.

Defendants' motion fails to establish any error of law or fact the Court made in denying

their motion to dismiss. Defendants accuse the Court of "misapprehending" 50 U.S.C. § 4305(b)(2),

a provision of the Trading with the Enemy Act, a statute related to presidential wartime powers.

Defendants maintain that "Congress did not limit [the statute's] scope to the President." To briefly

address this unfounded argument, the "actual statutory text" provides that § 4305(b)(2) applies to

payments "made to or for the account of the United States, or as otherwise directed, pursuant to this

subdivision or any rule, regulation, instruction, or direction issued hereunder …." 50 U.S.C.

§ 4305(b)(2). Defendants' "Demand Draft" baldly states that it is "ACCEPTED on the account of

the United States pursuant to U.S. Code § 4305(b)(2)" and that "LAWFUL MONEY

DEMANDED per 12 U.S. Code § 411," but Defendants have not established that the Demand

Draft in any way constituted a valid payment made pursuant to the Trading with the Enemy Act "to

or for the account of the United States."

Defendants have also not established that their Demand Draft constituted valid tender,

which "must be without conditions to which the creditor can have a valid objection or which will be

prejudicial to his rights." *Frankel v. Bedstone Co.*, 2024 IL App (1st) 221404-U, ¶ 35 (citing *MXL*

*Industries, Inc. v. Mulder*, 252 Ill. App. 3d 18, 29-30 (1993)). Plaintiff may well have "a valid objection"

to the uncertain payment instrument created by Defendants. Accordingly, Defendants have also not shown that the Court "misapplied" the Universal Commercial Code ("UCC") principle that "refusal of tender discharges the obligation," because they have not established that the tender was valid.

Amazingly, Defendants accuse the Court of erring by noting that cases cited in their motion to dismiss could not be found and were very likely "hallucinated." They brazenly offer "to provide detailed reports of each case upon stipulation o hourly compensation or their time and labor, unless the Court intends to compel involuntary servitude." Notwithstanding that it was incumbent upon Defendants to locate real cases and to demonstrate their relevance in their own motion, it would be an exercise in futility. The cases cited in Defendants' motion to dismiss either do not exist or do not support the proposition for which they cite them. Many case citations even deal with subject matter completely unrelated to the case at hand. *See, e.g., Chames w DeMayo*, 972 So.2d 850, 855 (Fla. 2007) (addressing issues of waiving certain rights under the Florida Constitution, rather than UCC tender principles as Defendants claimed). These are hallmarks of generative artificial intelligence. While the Court appreciates Defendants' *pro se* status, they are held to the same standard as practicing attorneys in this District: submitting briefs to the Court including "hallucinations" generated using artificial intelligence is "inimical to the administration of justice." *Perez-Castillo v. Blanche*, 177 F.4th 837 (7th Cir. 2026) (recognizing "the seriousness of submitting briefs containing [artificial intelligence] hallucinations" to federal courts) (internal citation and quotation marks omitted). The Court kindly reminds Defendants that there is no *pro se* exception to Rule 11(b) of the Federal Rules of Civil Procedure, *see Jones v. Kankakee Cnty. Sheriff's Dep't*, 164 F.4th 967, 970 (7th Cir. 2026), and courts have sanctioned licensed attorneys and self-represented litigants alike for the use of artificial intelligence in submitting court filings. *See Glass v. Foley & Lardner LLP*, 2025 WL 3079280, at *1 (W.D. Wis. Nov. 4, 2025).

4

Because Defendants have not established a basis for reconsideration, denial of Defendants' motion is proper.

## II.     Plaintiff's Motion for Summary Judgment

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). A genuine dispute as to any material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The Court "consider[s] all of the evidence in the record in the light most favorable to the non-moving party, and . . . draw[s] all reasonable inferences from that evidence in favor of the party opposing summary judgment." *Logan v. City of Chicago*, 4 F.4th 529, 536 (7th Cir. 2021) (quotation omitted). After "a properly supported motion for summary judgment is made, the adverse party must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 250 (quotation omitted).

Plaintiff maintains the undisputed evidence conclusively establishes breach of nonpayment of the Agreement and Guaranties. Defendants' first argument in opposition is that "[n]o affidavit or declaration from a competent fact witness with personal knowledge has been submitted" and that "[u]nauthenticated documents cannot support summary judgment." However, Plaintiff submitted the affidavit of its Vice President and in-house counsel Robert Condon, which establishes the authenticity of the attached Agreement, Delivery and Acceptance Certification, and Assignment serving as evidence for Plaintiff's motion.

Nevertheless, Defendants further argue that "summary judgment would still be improper because material factual disputes exist." When addressing party's motion for summary judgment, the Court derives the background facts from the parties' Local Rule 56.1 Statements, which assist the Court by "organizing the evidence, identifying undisputed facts, and demonstrating precisely how each

5

side propose[s] to prove a disputed fact with admissible evidence." *Bordelon v. Chicago Sch. Reform Bd. of Trs.*, 233 F.3d 524, 527 (7th Cir. 2000). On January 5, 2026, Defendants filed a response to Plaintiff's summary judgment motion, but did not respond to its LR 56.1 statements of fact.[1] A litigant's failure to respond to a statement of fact in a LR 56.1 statement results in the statement being considered admitted. *Raymond v. Ameritech Corp.*, 442 F.3d 600, 608 (7th Cir. 2006).

Because Plaintiff's facts are deemed admitted, there is no genuine dispute that Plaintiff and Pierce RE entered into valid and enforceable contracts, nor that Star Capital and Plaintiff performed under the Agreement, nor that Pierce RE accepted the Equipment. There is no dispute that Pierce RE failed to make payments when they were due and that Plaintiff is permitted to accelerate all sums due upon an event of default. And there is no material dispute that Plaintiff was damaged. *See Elson v. State Farm Fire and Cas. Co.*, 691 N.E.2d 807, 811 (Ill. App. 1st Dist. 1998). Finally, the affidavit of Robert Condon sets forth that as of October 23, 2025, the accelerated balance due and owing under the Agreement and Guaranties is $75,411.55.

Similarly, under the terms of the Guaranties, Guarantors are indebted to Plaintiff for all Pierce RE's obligations and agreed that Plaintiff "can proceed directly against any and all Guarantors without disposing of any such security or seeking to collect from the [Pierce RE] under the Agreement." As there is no material dispute that Pierce RE breached the Agreement and that Guarantors failed to perform its obligations under the Agreement, Plaintiff "is entitled to the payments set forth therein." *FirstMerit Bank, NA v. Grasso*, 2012 WL 5200111, at *3 (N.D. Ill. Oct. 22, 2012).

**CONCLUSION**

For the foregoing reasons, the Court denies Defendants' motion to reconsider [42] and grants Plaintiff's motion for summary judgment [54].

---

[1] The Court notes that this matter has remained under advisement for five months as of the date of this Order, without further filings nor contact from Defendants.

6

**IT IS SO ORDERED**

Date: 6/30/2026

Entered: _____

SHARON JOHNSON COLEMAN
United States District Judge